UNITED STATES of America,
Appellee,

v.

Jerry BENOIT, Defendant–Appellant.

No. 06–5355–cr.

United States Court of Appeals,
Second Circuit.

April 9, 2008.

Donald Yannella, Law Office of Luis Diaz, New York, N.Y., for Defendant–Appellant.

Walter M. Norkin, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Susan Corkery, of counsel), Brooklyn, N.Y., for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellant Jerry Benoit was convicted by a jury in the United States District Court for the Eastern District of New York (Irizarry, *J.*) of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to seventy-two months' imprisonment. He asserts that the district court erred (a) in admitting evidence that the police, when they initially approached him, were investigating an unrelated shooting that occurred in the area the previous day, (b) in admitting evidence as to the details of his probation status and the penalties for violating probation, (c) in restricting the evidence

that he could present regarding a summons issued to another individual, and (d) in refusing to declare a mistrial when the jury announced that it was deadlocked. We assume the parties' familiarity with the facts and procedural history of the case.

▮▮▮ We review evidentiary rulings for abuse of discretion. *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). In view of the fact that the entire defense strategy was predicated on attacking the police officers' credibility and arguing that they framed Appellant, evidence as to why the officers approached Appellant in the first place was clearly relevant under Rule 401 of the Federal Rules of Evidence. *See United States v. Quattrone*, 441 F.3d 153, 185 (2d Cir.2006) (holding that evidence was relevant under Rule 401 because it addressed the credibility of the witness). Moreover, given that the court carefully limited what evidence the jury could hear about the previous day's shooting, and that the Government elicited testimony making it clear that Appellant had nothing to do with that shooting, we do not think the district court erred in concluding that the evidence was more probative than prejudicial, and was admissible under Rule 403.

▮▮▮ We likewise find that the district court did not abuse its discretion in admitting testimony with respect to Appellant's probation status and the penalties for violating probation. The officers testified that, when they approached Appellant, he removed a gun from his pocket and placed it on the ground, with his probation officer's card on top of it. The Government introduced the testimony dealing with his probation status and the penalties for violating probation as an explanation for why Appellant behaved in that manner. The court instructed the jury that it was not to consider punishing Appellant for his parole violation. Under the circumstances, the

court did not err in finding that this testimony, too, was more probative than prejudicial.

Appellant also claims that he was improperly prevented from introducing testimony regarding a summons issued to Jamel Johnson, who was arrested at the same time as Appellant. Appellant's theory was that the police arrested both men because they were not sure who had placed the gun on the ground; then, when they decided to frame Appellant, they let Johnson off with a traffic ticket to cover their tracks. For this reason, Appellant sought to question one of the arresting officers as to whether Johnson had actually received a summons, as the officers claimed, or merely a traffic ticket, as the defense claimed. The court below, stating that this was a "red herring" likely to "confuse the jury," purported to limit questioning along those lines. But in fact, defense counsel was permitted to ask a number of questions with respect to the summons to Johnson, and Appellant does not point to a single piece of evidence that he sought to admit that was not admitted. Accordingly, we find that no harmful error occurred with regard to evidence about the summons.

▮▮▮ Finally, Appellant argues that the district court should have declared a mistrial when the jury announced, after only about three hours of deliberation, that it was deadlocked. Alternatively, Appellant asserts that the court's charge, pursuant to *Allen v. United States*, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896), instructing the jury to continue deliberating, was imbalanced. We review a court's denial of a motion for a mistrial for abuse of discretion, *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir.1995), and we find no error, much less abuse of discretion, in the denial of this motion. We also review a court's *Allen* charge for abuse of discretion. Such a charge constitutes reversible

error if it tends to "coerce undecided jurors into reaching a verdict by abandoning without reason conscientiously held doubts." *United States v. Henry*, 325 F.3d 93, 106 (2d Cir.2003) (internal quotation marks and citation omitted). The court's instruction was neither imbalanced nor coercive.

We AFFIRM the judgment of the district court.